# Wolf & Co. v. Shepherd.

*Action of Trover.*

1. *Action of trover against sheriff; when maintainable.*—A seller of goods, who, after he has shipped said goods, learns of the insolvency of the purchaser and notifies the agent of the carrier not to deliver them, becomes repossessed of said goods by this exercise of the right of stoppage *in transitu*; and can maintain trover against a sheriff, who, with notice of the seller's rights, takes the goods from the custody of the carrier, and sells them, under the power of a writ of attachment issued against the purchaser at the suit of another.

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was an action of trover brought by the appellants, Henry H. Wolf & Co., against the appellee, James W. Shepherd, sheriff of Walker county; and sought to recover damages for the alleged wrongful conversion of certain goods.

The defendant pleaded the general issue, and, by special plea, that he took possession of the goods under a levy of an attachment, which was sued out against the firm of Enis, Morton, Roby & Son, at the instance of some of their creditors, and which was put in his hands for levy. Issue was joined upon these pleas. On the trial, as is shown by the bill of exceptions, the evidence tended to show that the plaintiffs, who were wholesale merchants, doing business in the city of Louisville, in response to an order previously sent them, shipped by rail, on September 12, 1891, to Enis, Morton, Roby & Son, the goods alleged to have been converted; that at the time of said shipment the consignees were wholly insolvent; their place of business was closed, but the fact of their insolvency was not known to the plaintiffs until September 21, 1891; that upon the receipt of information as to their insolvency, the plaintiffs telegraphed one Cary, who was the railroad agent at Carbon Hill, Alabama, the railroad depot for the consignees, instructing him to hold said goods for plaintiffs, and not to deliver them to said Enis, Morton, Roby & Son; that said Cary received this telegram about 8 p. m., September 21, 1891, and immediately took possession of and held said goods for plaintiffs; that about 10 o'clock on the morning of September 22, 1891, the defendant, as sheriff, came to the railroad station for the purpose of levying upon said goods in obedience to a writ of attachment, but the said Cary informed him he had taken possession of, and was holding, said goods for the plaintiffs and under their instruction, and showed the sheriff the said telegram which authorized him to do so; that the defendant went away and returned about 12 o'clock of that day, and took possession of said goods, carried them away, and afterwards sold them; that soon after the defendant had so taken possession of said goods, the plaintiffs demanded possession of them, but the defendant refused to give them up. It was also

shown in evidence that the firm of Enis, Morton, Roby & Son had never paid for said goods or any part of them.

The defendant's testimony tended to show that he, as sheriff of Walker county, Alabama, took possession of and sold said goods by virtue of the attachment against the said firm of Enis, Morton, Roby & Son; and that he took possession of said goods as the property of the defendant firm in attachment.

At the request of the defendant, the court gave to the jury the following written charge: "If the jury believe the evidence, they must find for the defendant." To the giving of this charge the plaintiffs duly excepted. There was judgment for the defendant. From this judgment the plaintiffs appeal, and assign as error the giving of the general affirmative charge for the defendant.

APPLING & LAMAR, for appellants.—1. Appellants by law had the right to stop in transit the goods involved in this action.—2 Benj. on Sales, pp. 1058–59, §§ 1229, 1231; 3 Brick. Dig., 737, § 90; *Loeb v. Peters*, 63 Ala. 243. For the purpose of stoppage *in transitu*, the transit does not end till the goods have been taken possession of by, or are in actual custody or control of the purchaser or his agent.—2 Benj. on Sales, pp. 1069–71, §§ 1345–47; *Hause v. Judson*, 29 Amer. Dec. 389; 5 Lawson's Rights R. & Prac., 4129, § 2494; *Kingman & Co. v Denison*, 11 Lawyers' Anno. Rep. 347.

2. An unpaid vendor may maintain his claim and right of stoppage *in transitu* as paramount to a creditor of the buyer who has attached goods while in transit.— 2 Benj. on Sales, 1067 and note 8; *Hause v. Judson*, 29 Amer. Dec. 389; 4 Dana 13; *Farrell v. R. & D. R. R. Co.*, 102 N. C. 390; 3 Lawyers' Anno. Rep. 647; *Blackman v. Pierce*, 23 Cal. 509; 5 Lawson's Rights, R. & Prac. 4130.

3. The effect of stoppage *in transitu* is to restore the goods to the vendor's possession, so as to enable him to exercise his rights as an unpaid vendor, and he has a lien on the goods sold until the price is paid.—2 Benj. on Sales, pp. 1112–1114.

4. Appellee dispossessed appellants for the goods sued for, though they were rightfully in possession of same, and their vendees had no right to possess them

without payment of the purchase price therefor. Therefore appellants can maintain trover against appellee for the conversion of said goods.—7 Lawson's Rights, R. & P., pp. 5663–5665, § 3664; p. 6031, § 3827; note to *Hause v. Judson*, 29 Amer. Dec. 389; 1 Brick. Dig. 484, §§ 4, 7; p. 485, § 25; *Cook v. Patterson*, 35 Ala. 102; *Bryan v. Smith*, 22 Ala. 534; 2 Greenl. on Ev., 637 and note; 4 Amer. & Eng. Encyc of Law, 17; *Kemp v Thompson*, 17 Ala. 9.

5. "An officer is a trespasser who levies on property not liable to attachment; or when he takes goods out of the possession of one who claims property in them;" and, again, the "owner has a choice of remedies; he may sue in trespass, in trover, or in detinue, or he may recover the property taken."—7 Lawson's Rights, R. & P., pp. 5531–2, § 3557; *Woodbury v. Long*, 8 Pick. 543; 19 Amer. Dec. 345; *Screws v. Watson*, 48 Ala. 628; 3 Brick. Dig., 745, § 17; *Lyon v. Goree*, 15 Ala. 360.

Coleman & Sowell, *contra.*—The delivery of the goods to the common carrier, consigned to Enis, Morton, Roby & Son, divested the plaintiffs of the legal title.—*Robinson & Ledyard v. Pogue*, 86 Ala. 257; *A. G. S. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 173.

2. This exercise of the right of stoppage *in transitu* did not operate to reinvest them with the legal title, but simply gave the plaintiffs an equitable lien.—5 Waits' Actions & Def , 618, § 5; 2 Kent, 541; 2 Benj. on Sales, (6th Am. Ed.), § 1229 and note, and § 1299 and note; *Crass v. M. & C. R. R. Co.*, 96 Ala. 447.

HEAD, J.—When the seller of goods lawfully exercises the right of stoppage *in transitu*, the possession is thereby restored to him, with the right to detain the goods until the price is paid. Upon the exercise of the right, the possession of the carrier becomes the possession of the seller; and the latter may maintain trover against the sheriff, who, with notice of his rights, takes the goods from the custody of the carrier, and converts them, under attachment against the purchaser.—Hutchinson on Carriers, § 420 and cases cited.

Reversed and remanded.